OPINION
 STATEMENT OF THE FACTS AND CASE
This is an appeal from a jury verdict finding Appellant guilty of one count of assault in violation of R.C. § 2903.13.
This matter arose as a result of an altercation which occurred on April 8, 2001, at Aultman Hospital. Appellant, Leonard Daviduk, Jr. and other members of his family were present at the hospital where his cousin, Jennifer Himes was being kept alive on life-support. Upon the appearance of the victim, Chester Crank, who is an ex-boyfriend of Jennifer Himes' and the father of her child, argument ensued and a fight broke out.
Appellant was later served with a summons to appear on an assault charge.
On August 16, 2001, Appellant appeared for an arraignment and entered a plea of not guilty to the charge.
A jury trial was held on October 23 and October 24, 2001, with the jury returning a unanimous verdict of guilty.
It is from this conviction that Appellant now appeals, assigning the following errors:
ASSIGNMENTS OF ERROR
 I. APPELLANT'S CONVICTION FOR ASSAULT WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE
 II. APPELLANT WAS PREJUDICIALLY DEPRIVED OF HIS UNITED STATES AND OHIO CONSTITUTIONAL RIGHTS TO A FAIR TRIAL DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL.
 I.
In his first assignment of error, appellant urges the jury's verdict was against the manifest weight and sufficiency of the evidence. We disagree.
In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Jenks, supra, at paragraph two of the syllabus.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. . . . The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass
(1967), 10 Ohio St.2d 230, syllabus 1.
As stated previously, Appellant was convicted of assault in violation of R.C. § 2903.13 which states in pertinent part the following:
 2903.13 ASSAULT(A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.(B) No person shall recklessly cause serious physical harm to another or to another's unborn.(C) Whoever violates this section is guilty of assault. Except as otherwise provided in division (C)(1), (2), (3), (4), or (5) of this section, assault is a misdemeanor of the first degree.
* * *
The victim in this matter, Chester Crank, testified at trial that Appellant grabbed him, threw him into the elevator and then kicked and stomped him. (T. at 101-102). Mr. Crank further testified that he was treated for his injuries at the hospital. (T. at 107). Mr. Crank also positively identified Appellant as the person who hit and kicked him. (T. at 108).
Lt. Cole of the Canton Police Department also testified at trial and stated that Appellant admitted in his interview that he participated in the assault and actually demonstrated to him how he had kicked the victim. (T. at 179).
Upon review of the record, we find there was sufficient evidence presented by the State to meet the threshold requirement of sufficiency, and accordingly the trial court did not err in submitting the matter to the jury. Finally, we find there was sufficient, competent and credible evidence going to each of the elements of the crime charged to entitle a reasonable jury to find appellant guilty beyond a reasonable doubt. We conclude the verdict is not against the manifest weight of the evidence.
The first assignment of error is overruled.
 II.
In his second assignment of error, appellant argues his trial counsel was ineffective in failing to request a jury instruction on self-defense. We disagree.
A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 506 U.S. 364,113 S.Ct. 838, 122 L.Ed.2d 180; Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373.
In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, supra at 142, 538 N.E.2d 373. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
In order to warrant a reversal, appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at paragraph 3 of syllabus. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
Further, the United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 143,538 N.E.2d 373, quoting Strickland v. Washington, supra, at 697.
With this framework in mind, we address the claims of ineffective assistance of counsel raised by appellant in the instant case.
Appellant asserts defense counsel was ineffective for failing to request jury instructions on the affirmative defense of self-defense.
A claim of self-defense, where deadly force is used, requires the defendant to show he was not at fault in creating the situation giving rise to conflict; he had a bona-fide belief he was in serious danger of death or great bodily harm which could only be avoided by use of deadly force; and he did not violate a duty to retreat or avoid the danger.State v. Williford (1990), 49 Ohio St.3d 247, 349, 551 N.E.2d 1279.
Based on the testimony produced at trial, appellant was not entitled to an instruction on self-defense because all of these elements were not presented. As the evidence does not support the instruction, defense counsel's failure to request such instruction does not fall below the standard of reasonableness. As such, appellant is unable to satisfy the first prong of Strickland.
Appellant's second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed. Costs to appellant.
By Boggins, J., Wise, P.J., and, Edwards, J., concur.